IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PETER NORMAN LEEK, | CV 16-00050-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MT. BOARD OF PARDONS & PAROLE, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Peter Leek's Motion to Proceed in Forma Pauperis and proposed Complaint. (Docs. 1, 2.) The Court will grant Mr. Leek leave to proceed in forma pauperis. However, the Montana Board of Pardons and Parole is entitled to Eleventh Amendment immunity. To the extent Mr. Leek could bring his claims against an individual defendant, those claims would be barred by claim preclusion, issue preclusion, and the *Heck* doctrine. This action should therefore be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Because he is incarcerated, Mr. Leek must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Leek submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is

1

waived, and he may proceed with the case. *See Bruce v. Samuels*, __U.S. __, 136 S.Ct 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Leek will, however, be required to pay the full $350.00 filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Leek must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Id*. By separate order, the Court will direct the facility where Mr. Leek is held to forward payments from Mr. Leek's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Leek is a prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana. The named Defendant is the Montana Board of Pardons and Parole. (Complaint, Doc. 2 at 3.)

### B. Allegations

Mr. Leek appeared before the Montana Board of Pardons and Parole in October 2012, October 2014, and October 2015. The Board denied him parole,

requiring him to complete SOP I & II (sex offender training). Mr. Leek states that he was convicted of aggravated burglary, aggravated assault, and intimidation, not a sex crime. He alleges the denial of his parole based on the requirement that he complete sex offender treatment violates his due process rights, liberty rights, Fifth Amendment rights, and Eighth Amendment rights.

### III. SCREENING PURSUANT TO 28 U.S.C. § 1915

#### A. Standard

As Mr. Leek is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915 and 1915A. These statutes require the Court to review a complaint filed in forma paueris and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation and quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. Eleventh Amendment

The Montana Board of Pardons and Parole is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. In addition, states, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 65, 71 (1989).

The Board has Eleventh Amendment immunity from suit in federal court and is not a "person" for purposes of 42 U.S.C. § 1983. The Board of Pardons and Parole should therefore be dismissed.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho*, 521 U.S. at 269; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Leek does not name an individual in his or her official capacity. Giving him an opportunity to amend the Complaint is unnecessary because any such claims would be barred by claim and issue preclusion.

### 2. Claim and Issue Preclusion

The doctrine of claim preclusion, also known as res judicata, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)) (internal quotation marks omitted). Whether a prior state court judgment precludes a subsequent section 1983 action in federal court is a matter of state law. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75,

81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Under Montana law, "[r]es judicata, or claim preclusion, bars the relitigation of a claim that the party has already had an opportunity to litigate. Collateral estoppel, or issue preclusion, bars the reopening of an issue that has been litigated and determined in a prior suit." *Baltrusch v. Baltrusch*, 130 P.3d 1267, 1273 (Mont. 2006).

"The doctrine of res judicata bars the relitigation of a claim once a final judgment has been entered." *Parini v. Missoula Co. High Sch.*, 284 Mont. 14, 23, 944 P.2d 199, 204 (1997). This includes those issues that could have been litigated in the prior cause of action. *Wiser v. Montana Bd. of Dentistry*, 251 P.3d 675 (Mont. 2011). The elements of claim preclusion are: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the parties are the same to the subject matter and issues between them; and (5) a final judgment on the merits has been entered. *Id.* at 677.

Issue preclusion (collateral estoppel) prohibits litigants from "reopening all questions essential to the judgment which were determined by a prior judgment."

6

*Baltrusch*, 130 P.3d at 1274. The elements of issue preclusion are: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Id*.

  Here, Mr. Leek's claims are barred by both claim and issue preclusion. Mr. Leek filed a state petition for writ of habeas corpus and argued, as he does here, that "his right to due process of law is denied by the Board's requirement that he complete SOP II because he was not convicted of a sex crime and was not ordered by the District Court to complete SOP treatment as part of his sentence." *Leek v. Frink*, 346 P.3d 364 (Table) (Mont. March 4, 2014). The Montana Supreme Court determined that "[t]he Board retains broad discretion in applying discretionary statutory criteria in making decisions whether to grant a prisoner early release from custody. Leek has not demonstrated that the Board's denial of his parole request was constitutionally impermissible." *Id*. The Montana Supreme Court therefore denied the petition. *Id*.

  Mr. Leek is a party to both this action and the Montana Supreme Court action; the subject matter in both actions is the same; the identical issue was

litigated in the prior action; the capacity of the parties is the same; a final judgment on the merits was issued; and Mr. Leek had a full and fair opportunity to litigate his claim. As such, his claims brought in this court are barred by the doctrines of issue and claim preclusion.

Moreover, Mr. Leek challenges a decision of the Board that would necessarily implicate the validity of the denial of parole and therefore his continuing confinement. This is clearly prohibited by doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994) (concluding that a § 1983 claim was not cognizable because the allegations were akin to malicious prosecution action, which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor). *See also Butterfield v. Bail*, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that a § 1983 claim was not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

## IV. CONCLUSION

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it

determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

As set forth above, Mr. Leek's claims are barred by the Eleventh Amendment, claim preclusion, issue preclusion, and the *Heck* doctrine. Mr. Leek's pleadings could not possibly be cured by the allegation of other facts and therefore the Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the Complaint fails to state a claim upon which relief may be granted. The Complaint lacks arguable substance in law or fact.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Leek's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed May 27, 2016.

3. At all times during the pendency of this action, Mr. Leek must immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Leek may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 17th day of June, 2016.

                                                       */s/ John Johnston*
                                                       John Johnston
                                                       United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.