**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

|  |  |
|---|---|
| PETER NORMAN LEEK, | |
| Plaintiff, | CV-16-50-GF-BMM |
| vs. | |
| MT BOARD OF PARDONS & PAROLE, | **ORDER** |
| Defendant. | |

Plaintiff Peter Norman Leek (Leek) is a prisoner incarcerated at Crossroads

Correctional Center in Shelby, Montana. Leek filed a Complaint *pro se* on

May 27, 2016. The named Defendant is the Montana Board of Pardons and Parole.

Leek alleges that the Montana Board of Pardons and Parole violated his

constitutional rights in contravention of the 42 U.S.C. § 1983 when it denied his

requests for parole on grounds that he had failed to complete sex offender treatment.

United States Magistrate Judge John Johnston entered Findings and

Recommendations in this matter on June 17, 2016. (Doc. 4). Judge Johnston

recommended that Leek's Complaint be dismissed because the Eleventh

Amendment to the United States Constitution, the doctrine of claim preclusion, the

doctrine of issue preclusion, and the pronouncement of the United States Supreme

Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), all barred Leek's § 1983 claims.

(Doc. 4 at 4-7). Leek made two requests to extend the deadline for filing objections

to Judge Johnston's Findings and Recommendations. (Docs. 6, 8). The Court

granted both requests.

Leek filed his objections to Judge Johnston's Findings and Recommendations

on September 16, 2016. (Doc. 13). Leek also filed, on the same date, a Motion to

Amend Complaint. (Doc. 14). Leek seeks leave to amend his Complaint to assert

similar claims against four additional Defendants: two members of the Montana

Board of Pardons and Parole — Daryl Dupuis and John Rex, as well as the State of

Montana, and the Montana Department of Corrections.

The Court reviews *de novo* findings and recommendations to which

objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed Judge

Johnston's Findings and Recommendations *de novo*. The Court finds no error in

Judge Johnston's Findings and Recommendations, and adopts them in full.

     a.     **Eleventh Amendment**

The Eleventh Amendment bars lawsuits in federal court against a state or a state agency absent an express waiver of immunity by the state. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-102. Leek's claims against the Montana Board of Pardons are barred by the Eleventh Amendment.

b.      **Claim Preclusion and Issue Preclusion**

The doctrine of claim preclusion, also known as *res judicata*, bars a party from re-litigating claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001; *Wiser v. Montana Bd. of Dentistry*, 251 P.3d 675, 677 (Mont. 2011). The elements of claim preclusion are: (1) the parties or their privies are the same;      (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the parties are the same to the subject matter and issues between them; and (5) a final judgment on the merits has been entered. *Id*.

"Collateral estoppel, or issue preclusion, bars the reopening of an issue that has been litigated and determined in a prior suit." *Baltrusch v. Baltrusch*, 130 P.3d 1267, 1273-74 (Mont. 2006). The elements of issue preclusion are: (1) the issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Id*.

Leek's claims in this case are barred by both claim and issue preclusion. Leek filed a state petition for writ of habeas corpus challenging the decision of the Montana Board of Pardons and Parole. Leek argued, as he does here, that the Board violated his constitutional rights when it denied his parole request based upon his failure to complete sex offender treatment. *Leek v. Frink*, 346 P.3d 364 (Table) (Mont. March 4, 2014). The Montana Supreme Court concluded that the Board had not violated Leek's constitutional rights, and denied Leek's petition. *Id*.

Leek is a party to both this action and the Montana Supreme Court action. The subject matter in both actions is the same. The issue raised in this action was litigated in the prior state court action. The capacities of the parties are the same. A final judgment on the merits was issued in the state court action. Leek had a full

and fair opportunity to litigate the issue in the state court proceeding. The claims asserted by Leek in this action are barred by the doctrines of issue preclusion and claim preclusion.

### c. Motion to Amend Complaint

Leave to amend a complaint is generally granted to *pro se* litigants. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The Court may decline to grant leave to amend, however, it is clear "that the deficiencies of the complaint could not be cured by [the proposed] amendment." *Id.* As discussed above, Leek seeks to amend his Complaint to assert similar claims against Board member Daryl Dupuis, Board member John Rex, the State of Montana, and the Montana Department of Corrections. Any such claims would also be barred by claim preclusion and issue preclusion for the reasons discussed above.

Accordingly, IT IS ORDERED:

1.    Plaintiff's Motion for Leave to Amend his Complaint (Doc. 14) is DENIED.

2.    Plaintiff's Complaint (Doc. 2) is DISMISSED with prejudice.

3.    The filing of this action counts as one strike for failure to state a claim. 28 U.S.C. § 1915(g).

4.      Any appeal of this decision would not be taken in good faith as

Plaintiff's claims are frivolous.

5.      The Clerk is directed to enter judgment accordingly.

DATED this 14th day of December, 2016

Brian Morris
United States District Court Judge